## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALEC THOMAS KAMEROFF,<br><br>                 Petitioner,<br><br>        v.<br><br>LYNNIE EINERSON,<br>Superintendent,<br>Wildwood Correctional Complex,<br><br>                 Respondent. | Case No. 3:23-cv-00108-JMK |

## **SCREENING ORDER**

On May 8, 2023, self-represented prisoner, Alec Thomas Kameroff ("Petitioner"), filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and a Request for Exemption from Payment of Fees, including a financial statement.[1] The Court takes judicial notice[2] of Petitioner's ongoing criminal case in the Alaska Superior Court at 3KN-20-00124CR.[3] The state court records indicate that the State has charged Petitioner with three counts of Unclassified

---

[1] Dockets 1–2.

[2] Fed. R. Evid. 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[3] *State of Alaska v. Kameroff,* 3KN-20-00124CR. Publicly available state court records may be searched at https://courts.alaska.gov/main/search-cases.htm.

Felony Sexual Assault in the First Degree, four counts of Class B Felony Sexual Assault in the Second Degree, and seven counts of Class C Felony Assault in the Third Degree. Trial is currently set to begin on September 18, 2023. Petitioner remains in the custody of the State of Alaska's Department of Corrections ("DOC") as a pretrial detainee at Wildwood Correctional Complex. It appears that Petitioner is self-represented in his ongoing state criminal case.[4]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[5] A petitioner may challenge pretrial detention under 28 U.S.C. § 2241.[6] A court must "promptly examine" a habeas petition.[7] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[8] Upon screening, it plainly appears that Petitioner is not entitled to relief, and his petition must be dismissed.

---

[4] *See State of Alaska v. Kameroff,* 3KN-20-00124CR, Docket (Attorney: Self-Represented).

[5] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

[6] *See Stow v. Murashige,* 389 F.3d 880, 885–86 (9th Cir. 2004) (citations and quotations omitted).

[7] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court . . . the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[8] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

Case No. 3:23-cv-00108-JMK, *Kameroff v. Einerson*
Screening Order
Page 2 of 9
Case 3:23-cv-00108-JMK   Document 3   Filed 07/21/23   Page 2 of 9

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[9] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[10] Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[11]

Petitioner seeks to challenge his pretrial detention. He alleges a violation of his speedy trial rights, insufficient evidence, perjured testimony and witness history of lying, and malicious prosecution.[12] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Petitioner challenges his pretrial detention.[13] For relief, Petitioner requests all charges in his pending state court criminal case be dismissed with prejudice.[14]

Federal courts must generally abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances.[15] First

---

[9] *Rasul,* 542 U.S. at 473.

[10] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).

[11] 28 U.S.C. § 2241(c)(3).

[12] Docket 1 at 1–7.

[13] *See Magana-Pizano v. INS,* 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[14] Docket 1 at 9.

[15] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

Case No. 3:23-cv-00108-JMK, *Kameroff v. Einerson*
Screening Order
Page 3 of 9
Case 3:23-cv-00108-JMK   Document 3   Filed 07/21/23   Page 3 of 9

announced by the U.S. Supreme Court in *Younger v. Harris*,[16] the *Younger* abstention applies when the following four requirements are met:

> (1) There is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[17]

If a case satisfies these four factors, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[18] The Ninth Circuit Court of Appeals has recognized an "irreparable harm" exception to the *Younger* abstention that applies "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[19] This means that this Court must not interfere with a pending state court proceeding, unless there are extraordinary circumstances. But the Ninth Circuit has "declined to apply the irreparable harm exception to the *Younger* abstention where a federal habeas petitioner seeks to vindicate a speedy trial

---

[16] 401 U.S. 37 (1971).

[17] *Bean v. Matteucci,* 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King,* 932 F.3d 898, 901–02 (9th Cir. 2019)).

[18] *Bean,* 986 F.3d at 1133 (quoting *Arevalo v. Hennessy,* 882 F.3d 763, 765 (9th Cir. 2018)).

[19] *Id.* (quoting World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987)).

Case No. 3:23-cv-00108-JMK, *Kameroff v. Einerson*
Screening Order
Page 4 of 9
Case 3:23-cv-00108-JMK   Document 3   Filed 07/21/23   Page 4 of 9

affirmative defense."[20] As explained in *Page v. King,* "the speedy trial defense primarily protects the integrity of the trial itself" and, like most trial rights, "can be vindicated through reversal of the improperly-obtained conviction."[21]

Here, Petitioner's petition meets each of the four *Younger* abstention requirements. First, Petitioner's case is an ongoing state proceeding. His case is pending in the state trial court and is currently scheduled for trial on September 18, 2023. Second, as set forth above, the Court takes judicial notice of the fact that in his pending criminal case, Petitioner has been charged with three counts of Unclassified Felony Sexual Assault in the First Degree, four counts of Class B Felony Sexual Assault in the Second Degree, and seven counts of Class C Felony Assault in the Third Degree.[22] The State of Alaska has an important interest in prosecuting felony sexual assault and assault cases.[23] Therefore, the second requirement is met.

Third, Petitioner has not alleged facts to suggest he cannot raise his claims in state court, such as in a pretrial motion, during his upcoming trial, on direct appeal, or in state post-conviction relief proceedings.

---

[20] *Page v. King,* 932 F.3d 898, 904 (9th Cir. 2019) (citing *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012); *Carden v. Montana,* 626 F.2d 82, 84 (9th Cir. 1980)).

[21] 932 F.3d at 904.

[22] *State of Alaska v. Kameroff,* 3KN-20-00124CR.

[23] *Cf. Bean,* 986 F.3d at 1133 ("[T]he state has an important interest in prosecuting a murder case[.]").

Case No. 3:23-cv-00108-JMK, *Kameroff v. Einerson*
Screening Order
Page 5 of 9
Case 3:23-cv-00108-JMK   Document 3   Filed 07/21/23   Page 5 of 9

Petitioner claims the "state secretly indicted" him with insufficient evidence, and he was denied the ability to defend himself against the charges.[24] As an initial matter, an indictment is a written document that accuses the defendant of a felony crime, based on evidence the prosecutor presents to the grand jury in private.[25] Defendants, defense attorneys, and the public are prohibited from attending the proceedings unless subpoenaed to testify.[26] Only the grand jurors may be present during deliberation.[27]

Moreover, claims such as speedy trial, insufficient evidence, perjured testimony, and witness credibility, if cognizable as constitutional claims, can be raised within his pending criminal case and/or raised on state appeal should he be convicted. Further, such claims must be properly exhausted before they can be brought by petition for habeas corpus in a federal court.[28]

---

[24] Docket 1 at 8.

[25] Alaska Court System Self-Help, *Screening by Prosecutor,* https://courts.alaska.gov/shc/criminal/screening.htm.

[26] *Id.* *See also* Alaska State Court Rules of Criminal Procedure ("Alaska Criminal Rules"), Rule 6.

[27] Alaska Criminal Rules 6(l) (Who May Be Present) and Rule 6(m) (Secrecy of Proceedings and Disclosure).

[28] See 28 U.S.C. §§ 2254(b)(1), (c); *see also Gray v. Netherland,* 518 U.S. 152, 161 (1996).

Case No. 3:23-cv-00108-JMK, *Kameroff v. Einerson*
Screening Order
Page 6 of 9
Case 3:23-cv-00108-JMK   Document 3   Filed 07/21/23   Page 6 of 9

Upon review of the state court docket, Petitioner has had arraignments,[29] bail hearings,[30] and omnibus hearings.[31] He has also had several representation hearings and is now self-represented.[32] Petitioner has filed multiple motions in the state court[33] and his trial is scheduled to begin two months from now. Although Petitioner claims not to know how to appeal orders denying his motions,[34] the Court is not required to advise self-represented parties on the details of court procedures or assist with tasks normally handled by a trained attorney.[35] Petitioner should

---

[29] *See e.g., State of Alaska v. Kameroff,* 3KN-20-00124CR, Events 02/06/2020 (Kenai Courthouse Arraignment, Hearing Held); 09/28/2021 (Kenai Courthouse Arraignment, Hearing Held).

[30] See e.g., *State of Alaska v. Kameroff*, 3KN-20-00124CR, Events 02/13/2020 (Kenai Courthouse Bail Hearing: Superior Court (In Custody)); 01/19/2021 (Kenai Courthouse Bail Hearing Held); 08/04/2022 (Kenai Courthouse, Bail Hearing: Superior Court (In Custody), Hearing Held)); Dockets 01/19/2021 (Bail Order/Conditions of Release: Order and Conditions); 05/11/2021 (Defendant's Application for Second/Subsequent Bail Review and Notice re Grant/Deny of Bail Hearing Application For Second Or Subsequent Bail Review Hearing and Notice); 05/12/2021 (Bail Order / Conditions of Release: Amended); 10/01/2021 (Bail Order / Conditions of Release: Conditions of Release).

[31] *See e.g., State of Alaska v. Kameroff*, 3KN-20-00124CR, Dockets 05/20/2020 (Log Notes: Omnibus); 08/19/2020 (Log Notes: Omnibus Hearing), 03/17/2021 (Log Notes: Omnibus Hearing); 05/24/2021 (Log Notes: Omnibus Hearing); 06/28/2021 (Log Notes: Omnibus); 6/30/2021 (Log Notes: Omnibus / Representation Hearing).

[32] *See e.g., State of Alaska v. Kameroff*, 3KN-20-00124CR, Dockets 04/21/2021 (Representation Hearing Held); 06/30/2021 (Representation Hearing); 9/22/2021 (Representation Hearing); 09/22/2021 (Attorney Office of Public Advocacy dismissed/withdrawn for Defendant Kameroff).

[33] *See e.g., State of Alaska v. Kameroff*, 3KN-20-00124CR, Dockets 10/06/2021 (Request and Order for Consideration of Custody); 10/13/2021 (Order Denying Request and Order for Assert Speedy Trial – Denial); 10/20/2021 (Order Denying Request and Order For Impeach Witness); 10/22/2021 (Motion to Suppress 404 (b) Evidence).

[34] Docket 1 at 4.

[35] *See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out.").

familiarize himself with the applicable state court rules or consult an attorney. Because there is no indication the state court has been ineffective, the third requirement is met. Finally, the injunctive relief that Petitioner seeks—release and dismissal of the charges—would effectively enjoin his prosecution.[36]

In his petition, Petitioner has not alleged any specific facts that demonstrate an extraordinary circumstance warranting the Court's interference with the Alaska Court System's regular judicial procedure.[37] The emotional toll and inconvenience of defending criminal charges are not the kind of special circumstances or irreparable harm to justify federal habeas intervention.[38] Moreover, neither Petitioner's allegations nor the state court record supports a finding of harassment or bad faith on the part of the state prosecution that might warrant piercing the veil of abstention.[39] Consequently, Petitioner has not presented viable grounds for a

---

[36] Docket 1 at 4, 9.

[37] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

[38] *Younger,* 401 U.S. at 46, 53–54.

[39] *See Juidice v. Vail,* 430 U.S. 327, 338 (the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass."); *Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975) (Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."); *Canatella v. Cal.,* 404 F.3d 1106, 1112 (9th Cir. 2005) (the bad faith exception requires more than mere conclusory allegations to invoke).

Case No. 3:23-cv-00108-JMK, *Kameroff v. Einerson*
Screening Order
Page 8 of 9
Case 3:23-cv-00108-JMK   Document 3   Filed 07/21/23   Page 8 of 9

habeas petition under 28 U.S.C. § 2241; so the Court must not interfere with the State of Alaska's jurisdiction.[40]

Therefore, Mr. Kameroff's petition must be dismissed without prejudice. Dismissal without prejudice will not materially impact the analysis of any issue in a later filed habeas or Section 1983 proceeding, or otherwise result in substantial prejudice.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED without prejudice.**

2. The Request for Exemption from Payment of Fees at Docket 2 is **DENIED as moot.**

3. The Clerk of Court is directed to enter a final judgment.

4. A certificate of appealability shall not issue.[41]

DATED this 21st day of July, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[40] *See generally* U.S. CONST. Art. IV § 2, cl. 2. *See also Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) ("the 'logical implication' of *Younger*'s rule against enjoining state proceedings is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention.").

[41] 28 U.S.C. §2253(c)(1)(A). *See also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court.").

Case No. 3:23-cv-00108-JMK, *Kameroff v. Einerson*
Screening Order
Page 9 of 9
Case 3:23-cv-00108-JMK   Document 3   Filed 07/21/23   Page 9 of 9